## MORGAN *v.* SPRAGUE.

GARNISHMENT—JUDGMENT—APPEAL.

> There being evidence to sustain the finding of the jury that the garnishee had property or effects in her hands, belonging to the principal defendant, sufficient to pay plaintiff's judgment, the judgment establishing her liability was affirmed.

Error to Calhoun; Smith, J.   Submitted April 11, 1900. Decided May 15, 1900.

Garnishment proceedings by Frank B. Morgan against Maria Sprague, as garnishee of Elliott Sprague.   From a judgment for plaintiff, defendant brings error.   Affirmed.

*Williams & Lockton*, for appellant.

*Hatch & North*, for appellee.

LONG, J. Plaintiff recovered judgment in the Calhoun circuit court against Elliott Sprague, husband of Maria Sprague, on December 13, 1897, for $263.92. The judgment not being paid, he sued out a writ of garnishment against Maria Sprague. On service of the writ she filed a disclosure denying all liability. Plaintiff then filed and served upon her written interrogatories. To these interrogatories Mrs. Sprague filed answers. The plaintiff then served notice of the framing of statutory issues in garnishment, and the cause was tried upon those issues, resulting in verdict and judgment for plaintiff for $263.92, being the amount of the judgment against the principal defendant. Defendant brings error.

The plaintiff on the trial introduced testimony tending to show that for several years, and up to 1890, Elliott Sprague had been the owner of the undivided two-thirds interest in a farm worth from $9,000 to $10,000. Before 1890 it appears that he bought a herd of cattle of one George Perry, agreeing to pay $3,000 therefor. A note was given for this amount, which fell due about March 20, 1890. On March 21st Sprague filed a bill against Perry, his attorney, Radford, and collecting agent, Davis, and the owner of the note, William D. Johnson, in the Calhoun circuit court, in chancery, to restrain them from taking any proceedings to collect the note. The defendants secured an order removing the case to the United States court on April 30th following. On April 1, 1890, Sprague made a deed conveying all his real estate to his wife, Maria Sprague. The deed was not recorded until June 13, 1890. There was considerable personal property on the farm, which the garnishee defendant also claims.

The plaintiff's case was tried upon the theory that the farm and personal property were conveyed to Mrs. Sprague to defraud creditors. It is not necessary to set forth the evidence given on the trial by the plaintiff. It is sufficient to say that it had a strong tendency to establish the fact that Mrs. Sprague had property and effects in her hands belonging to her husband. On the trial, the plaintiff

called Mrs. Sprague as a witness. An objection was interposed on the part of the husband that the wife could not testify without the consent of the husband, and this objection was sustained. It was also contended that the husband could not testify without the consent of the wife, and in consequence of this the husband was not sworn. Both Mr. and Mrs. Sprague were present during the trial, and neither was sworn, nor did they offer any testimony in the case. The court, in its charge to the jury, stated that the disclosures made by Mrs. Sprague should be taken as true by the jury, except as overcome by the plaintiff's evidence. The only question of fact submitted by the court to the jury was whether the garnishee defendant had property or effects in her hands belonging to her husband sufficient to pay this judgment, and the jury determined by their verdict that she had.

Under the facts shown by this record, we think the defendant has no right to complain of this verdict. Some special questions were submitted to the jury, but we think they do not affect the general verdict. We have examined the case with care, and find no errors which call for a reversal.

The judgment must be affirmed.

The other Justices concurred.